UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-161-FDW-DCK

AL SMILE,)
)
        Plaintiff,)
)
vs.)    <u>ORDER</u>
)
LEGACY BALLANTYNE, LLC, et al.,)
)
        Defendants.)
)

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1).[1] Also pending are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), Motion for Emergency *Ex Parte* Hearing, (Doc. No. 4), and Motion to Consolidate, (Doc. No. 6).

**I.    BACKGROUND**

*Pro se* Plaintiff purports to file suit under 18 U.S.C. § 241 and 42 U.S.C. § 3631. He names as Defendants Legacy Ballantyne, LLC "Apartment Complex Manager;" Crestmont at Ballantyne Apartments, LLP, "Apt Complex Mgr (Legacy Ballantyne);" GCI Residential, LLC, "Regional Manager of Apt Complexes;" Connie Axiotis, "Apt Complex Manager," and Wendy Sikorski, "Regional, Apt Complex Manager." (Doc. No. 1 at 2). Plaintiff asserts that he resides in Charlotte

---

[1] Plaintiff presently has four cases pending before this Court: 3:19-cv-161, 3:19-cv-162, 3:19-cv-163, and 3:19-cv-164 that all contain similar allegations. Plaintiff has filed a "Motion for *Ex Parte* Hearing," etc., in all four cases and Motions seeking to consolidate case -161 with -163, and case -162 with -164.
    The Court notes that, in case number 3:19-cv-3-MOC-DCK, Plaintiff previously filed an action against apartment complex "Crestmont & Ballantyne LLC," which is also named as a Defendant in case number 3:19-cv-161. That action was dismissed as frivolous and for lack of subject-matter jurisdiction on February 4, 2019.
    The current pending cases are largely duplicative (which Plaintiff partially acknowledges in his Motions to Consolidate), they are frivolous, and they fail to state a claim upon which relief can be granted. **Plaintiff is cautioned that repeated duplicative and frivolous filings in this Court may result in the imposition of sanctions including a pre-filing injunction**.

1

and that all of the Defendants are located in Charlotte. He argues that the Court has federal question jurisdiction pursuant to §§ 241 and 3631.

In his Addendum, Plaintiff attempts to replace pages 4 and 5 of the Complaint with typewritten pages.[2] (Doc. No. 3). Plaintiff states his amended claim as follows, *verbatim*:

> My Son's Mom Engaged me in many Years of Litigation regarding custody of our Son! Without Going into any of the Salacious Details in Summary, she dated several Lawyers along the way, two of which Worked at the Same Matrimonial Law Firm in NJ. The 1st Atty of the 3rd floor finally got the Main Atty on the top floor to take her case, they stretched it out for years, ended up getting married. She has engaged into powerplay dirty tricks & tactics by weaponizing this Lawfirm and unlimited resources financially against me. She initially called this Apartment Manager (Connie Axiotis) allured her into the conversation, information manipulation starter. She talked the Mgr into Sabotaging Visa Cards my Son's Mom was using to pay us for Child Assistance/Support, Etc. These were Visa Cash Cards (See Ex. Attached). This happened Jan-2018 and it was baffling, confusing and caused serious issues with Evictions, Etc. They kept trying these Trick Eviction (Techincality) Tactics for several months. Many Court hearings. On July 2nd, in the final hearing, we prevailed (See Attached)! Retaliation Accelerated!

(Doc. No. 3 at 4).[3]

Plaintiff claims that the Defendants' actions injured him as follows, *verbatim*:

> Due to the Circumstances described above; we did not realize that much of what had happened btw Jan-2018 and July 2nd, 2018 was a Concocted Scheme Orchestrated, Coordinated & Navigated by my Son's Mom! This was not only extremely troubling, it was very disturbing! After we prevailed in the July 2nd case, a false police report was filed by my son's Mom stating some very strange stuff which was designed for a happen chance unfortunate result for me hoping for chaos and mayhem based on her report. When the Officers came and discovered what had just happened they were frustrated & have offered to be witnesses. The very scary thing that happened after was the Apartment Manager tried to stage a scene in order to have me forcefully removed at her sole discretion or she could've had me arrested. We ended up getting very lucky on that one because my Son was Frightened and forced me to Call 911! Had I not been the Annonymous 911 Caller, the Police stated to me that would've have had to believe her! We got lucky because

---

[2] The Court will screen the claim as set forth in the Addendum, however, Plaintiff is cautioned that piecemeal filings will not be permitted in future.

[3] Although the Addendum refers to attachments, there are no documents attached to the Addendum and only summons forms are attached to the Complaint.

> they found the person she staged and was able to interview him and once again, different officers, extremely disturbed and troubled & want to be witnesses!

(Doc. No. 3 at 4).

Plaintiff seeks $775,000 from the "main Corporation" because they were "operating behind a Cloak of Secrecy because they failed to cooperate in assisting a major utility (Time Warner/ Spectrum) in getting a building permit to repair a fractured cable in [Plaintiff's] residence that was costly ($4,000+) where the Utility Company was paying for it," which cost Plaintiff a "major income stream (Trading Stock/Options/Select Clients)!" (Doc. No. 3 at 4). Plaintiff filed a complaint and "they" had their unethical attorney request a special proceeding and the Court dismissed the case with prejudice "due to the fact they didn't really exist?! It was a non-existing entity" and the court concluded that it lacked jurisdiction. (Doc. No. 3 at 4). The same attorney then filed a "phony disguised Eviction" against Plaintiff a week later and "An Unlawful Order was Executed!" (Doc. No. 3 at 4).

## II. MOTION TO PROCEED *IN FORMA PAUPERIS*

The Court first addresses Plaintiff's motion to proceed *in forma pauperis*. Plaintiff's affidavit shows that he has no income or assets. (Doc. No. 2 at 1-3). Plaintiff states that his son's mother and her husband owe him $87,000, Legacy at Ballantyne owes him $94,000, and Caudle & Spears, Loebsack & Brownlee owe him $77,500. (Id. at 3). He claims that his special needs adult son relies on him for support. (Id.). He has not listed any monthly expenses. (Id. at 4-5). He expects changes to his monthly expenses, assets, or liabilities in the next year, stating "Reimbursement during litigation I'm pursuing." (Id. at 5). Plaintiff does not expect to have any expenses or attorney's fees in conjunction with this lawsuit. (Id.). He explains his inability to pay the costs of these proceedings as follows: "I have been a victim of a vindictive hate crime, riddled

with cyber assaults, sabotage, harassment, stalking, mainly my son's mom is vindictively and stopped paying us child support & giving us assistance." (Id.). The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed *in forma pauperis*.

### III. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A court may consider subject matter jurisdiction as part of the frivolity review. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure.").

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the

4

pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV.     DISCUSSION

The Complaint, as amended by the Addendum, is so severely deficient that it cannot pass initial review and will be dismissed without prejudice.

Plaintiff fails to clearly set forth the allegations against each Defendant and therefore the Complaint is too vague and conclusory to proceed. See Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). To the extent that Plaintiff makes allegations against individuals not named as Defendants, the claims against them are nullities. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); see, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Moreover, Plaintiff's factual allegations are so confusing and nonsensical that the Court deems them frivolous. See Neitzke, 490 U.S. at 327-28.

The Complaint is also lacking in any legal basis upon which it can proceed at this time.[4]

---

[4] Plaintiff is reminded that it is his burden to establish the existence of subject-matter jurisdiction. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (the burden of establishing subject matter jurisdiction rests on the party asserting jurisdiction; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

First, Plaintiff purports to sue under 18 U.S.C. § 241. Section 241 is the criminal analogue of 42 U.S.C. § 1983 and "do[es] not give rise to a civil action for damages." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989). Plaintiff's reliance on § 241 fails as a matter of law because only the United States as prosecutor can bring a complaint under that section. Id.; see also Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) ("dismissal of [plaintiff's] claims … alleging violations of [Section 241 and other statutes] was proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action."); Tribble v. Reedy, 888 F.2d 1387 (4th Cir. 1989) (table) (affirming dismissal of civil action "alleg[ing] violations of 18 U.S.C. §§ 241, 1341 and 1343 … [because u]nless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute."); Rankin v. Sykes, 2019 WL 203184 at *3 (M.D.N.C. Jan 15, 2019) (dismissing on initial review *pro se* plaintiff's claims that relied on 18 U.S.C. §§ 241 and 242 because they provide no private cause of action).

Second, Plaintiff purports to sue under the Fair Housing Act, 42 U.S.C. § 3631. Section 3631 criminalizes willful injury, intimidation, or interference with a person because of a person's race, color, religion, sex, handicap, familial status, or national origin and because that person has been occupying any dwelling. 42 U.S.C. § 3631(a). Plaintiff's reliance on § 3631 fails as a matter of law because it is a criminal statute that does not establish a private cause of action. See generally McZeal v. Ocwen Fin. Corp., 252 F.3d 1355 at *2 (5th Cir. 2001); see, e.g., Wolf v. Hoene Ridge Subdivision, 2015 WL 8665406 at *2-3 (E.D. Mo. Dec. 11, 2015), *aff'd*, 669 Fed. Appx. 345 (8th Cir. 2016).

---

jurisdiction, the court must dismiss the action").

Even if the Court liberally construes the Complaint as raising a properly pled conspiracy claim pursuant to §§ 1983 or 1985, Plaintiff has still failed to state a claim upon which relief can be granted. To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. Plaintiff does not allege that his rights secured by the constitution and laws of the United States were violated by any state actor. See Thomas v. The Salvation Army So. Terr., 841 F.3d 632 (4th Cir. 2016) (affirming dismissal in favor of defendants, three private charities, because plaintiff did not allege any facts to remotely suggest that their actions were attributable to the state). Therefore, any attempt to rely on § 1983 is unavailing.

To state a claim under § 1985, a plaintiff must show: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyments of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Id. at 637. Plaintiff's allegations are insufficient to proceed under § 1983. For instance, he has not alleged that any conspiracy between private actors was motivated by a specific class-based invidiously discriminatory animus to deprive Plaintiff of equal protection of the law. See id. (affirming dismissal where plaintiff provided no facts to suggest that the defendants did anything, much less deprive her of her rights because of her alleged mental disability, and the facts did not show any coordination or conspiracy). Therefore, even if the Court construes the Complaint as relying on § 1985, Plaintiff has failed to state a claim on which the Court can proceed.

Even if the Court liberally construes the Complaint as having properly pled a violation of § 3617 of the Fair Housing Act rather than § 3631, Plaintiff has failed to state a claim. Section 3617 of the Fair Housing Act provides a civil remedy and makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed ..., any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. The intimidation or coercion prohibited by § 3617 "must bear some relationship to the plaintiff's exercise of housing rights protected by §§ 3603-3606." Thomas v. Miramar Lakes Homeowner Ass'n, 2014 WL 3897809 at *6 (S.D. Tex. Aug. 6, 2014). Sections 3603 through 3606, in turn, "prohibit discrimination associated with, inter alia, the purchase or rental of a property, applications for loans or appraisals, or the provision of brokerage services." Id. To state a retaliation claim under § 3617, a plaintiff "must show that (1) [he] engaged in a protected activity; (2) [Defendants] subjected [him] to an adverse action; and (3) a causal link exists between the two." Sandy Hill Apartments v. Kudawoo, 2006 WL 2974305 at *3 (D. Minn. Oct. 16, 2006) (citation omitted).

Plaintiff alleges in a conclusory and confusing fashion that his ex-wife and apartment manager attempted to have him arrested and/or evicted due to personal animus. Although Plaintiff alleges that that his adult son is disabled, Plaintiff has not asserted that any Defendant acted adversely due to a protected activity. Therefore, the Complaint is insufficient to proceed under § 3617 of the Fair Housing Act.

Because Plaintiff's fanciful factual allegations fail to state that Defendants have violated any federal law or federal right, the Complaint must be dismissed for frivolity and for failure to state a claim upon which relief can be granted.

Also pending are Plaintiff's *Pro Se* Motion for Emergency *Ex Parte* Hearing, (Doc. No.

4), in which he names as Defendants his ex-wife, Colleen Thompson, Gerardo, "Smile," Wildstein and her current husband, David Wildstein. In his Motion to Consolidate, (Doc. No. 6), Plaintiff asks that this action be consolidated with case number 3:19-cv-163. Plaintiff's Motions will be denied as moot because the Complaint is insufficient to proceed at this time, and therefore, neither a hearing nor consolidation is appropriate.

Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a civil complaint, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each defendant. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, clearly set forth the factual allegations against each of them, and set forth the basis for the Court's jurisdiction. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). Plaintiff's failure to comply with this Order will probably result in this case's dismissal and closure without further notice.

V. **CONLUSION**

Plaintiff's motion to proceed *in forma pauperis* is granted. For the reasons stated herein,

the Complaint is dismissed without prejudice to file an Amended Complaint within 14 days of this Order. Plaintiff's failure to comply with this Order will probably result in this case's dismissal and closure without further notice. Inasmuch as the Complaint is frivolous and insufficient to proceed, Plaintiff's Motions to consolidate and for a hearing are denied as moot.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED**.

2. The Complaint is **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3. Plaintiff's Motion for Emergency *Ex Parte* Hearing, (Doc. No. 4), and Motion to Consolidate, (Doc. No. 6), are **DENIED** as moot.

4. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without further notice to Plaintiff.

5. The Clerk of Court is directed to mail a copy of the civil complaint form to Plaintiff.

Signed: April 24, 2019

_____
Frank D. Whitney
Chief United States District Judge